```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    |
CHARLES EDWARD LINEBERGER,          |
                                    |
            Petitioner,             |
                                    |   03 Civ. 1645 (KMW) (RLE)
      -against-                     |
                                    |        ORDER
JOHN T. CONWAY,                     |
      Acting Superintendent,        |
                                    |
            Respondent.             |
                                    |
------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Pro se Petitioner Charles Edward Lineberger seeks a writ of
habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his New
York State conviction rendered on January 9, 1998, on one count
each of Robbery in the First Degree, Criminal Possession of a
Weapon in the Fourth Degree, and Criminal Possession of Stolen
Property in the Fifth Degree.  By report and recommendation dated
November 1, 2007 (the "Report"), Magistrate Judge Ronald L. Ellis
recommended that the Court deny the petition.

The Report informed the parties that, pursuant to 28 U.S.C.
§ 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and
6(e), of the Federal Rules of Civil Procedure, they had ten days
from service of the Report to serve and file any objections.  The
Report also informed the parties that they had an opportunity to
request an extension of time to file objections.  Finally, the
Report explicitly cautioned them that failure to file timely
objections would waive appellate review.

No objections to the Report have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). Consequently, the parties cannot seek further judicial review of the magistrate judge's decision. See Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); accord Thomas v. Arn, 474 U.S. 140, 155 (1985) (upholding waiver rule when "it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections").

Reviewing the Report's conclusions, the Court finds them to be free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore adopts the Report.[1]

---

[1] The Court clarifies two issues addressed in the Report. First, with respect to Petitioner's Rosario claim, while the Report correctly states that federal courts generally cannot review habeas claims based on alleged Rosario violations (Report 13), the Rosario violation alleged by Petitioner here is framed as a claim of prosecutorial misconduct – a claim certainly cognizable by a habeas court. See Fox v. Mann, 71 F.3d 66, 72 (2d Cir. 1995) (holding that prosecutorial misconduct claim must prove that prosecutor's actions "were so prejudicial that they rendered the trial . . . fundamentally unfair"). Nonetheless, Petitioner still cannot prevail on his claim of prosecutorial misconduct because the Rosario material at issue here was in fact made available to Petitioner's counsel. (Huntley/Mapp/ Wade Hearing Tr. 3:4 – 5:8, Nov. 7, 1997 (Dkt. No. 7).)
    Second, with respect to Petitioner's claim that he was sentenced in absentia and without counsel, the Court clarifies that the "impossible choice" (Report 17) faced by the trial court in this case was either to permit counsel to continue to represent Petitioner against Petitioner's clearly stated wishes, or to proceed with sentencing without conducting a searching inquiry into Petitioner's desire to continue pro se. See People v. Lineberger, 98 N.Y.2d 662, 662 (2002). Given Petitioner's abusive and obstructive behavior at

sentencing, it was not unreasonable for the trial court to choose the latter option.  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).

Accordingly, the Court declines to issue a writ of habeas corpus. The petition is therefore dismissed. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c) (2000). The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          February **25**, 2008

Kimba M. Wood
United States District Judge

---

sentencing, it was not unreasonable for the trial court to choose the latter option. See Williams v. Taylor, 529 U.S. 362, 412 (2000).